Case 3:23-cv-00147   Document 38   Filed on 04/09/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
April 09, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:23-cv-147

JEFFREY MOATS, PLAINTIFF,

v.

NATIONAL CREDIT UNION ADMINISTRATION BOARD, ET AL., DEFENDANTS.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE:

Jeffrey Moats seeks a declaration that the National Credit Union Association's ("NCUA") structures and procedures are unconstitutional. Dkt. 26 ¶ 5. Before the court are the parties' cross-motions for summary judgment, and NCUA's motion to dismiss for lack of subject-matter jurisdiction. Dkts. 27, 28. The court will grant the motion to dismiss.

## I. Background

Jeffrey Moats served as the CEO of the Edinburg Teachers Credit Union ("ETCU") for 25 years. Dkt. 26 ¶ 16. On March 26, 2021, ETCU was placed in conservatorship and Moats was terminated. *Id.* ¶ 17. One month

later, the NCUA served Moats with a "Notice of Charges", alleging that as CEO of ETCU he "violated the law, breached his fiduciary duties to ETCU, and engaged in unsafe and unsound practices." *Id.* at 21. The NCUA sought an order compelling Moats to pay both restitution and civil penalties, and to permanently prohibit Moats from working in the industry. *Id.*; *see also* Dkt. 28 at 13.

Moats contends that the NCUA's ability to issue such charges, and the administrative proceedings that would follow, are "rife with constitutional problems." Dkt. 26 ¶ 24. He asserts four constitutional claims: (1) that the removal protections for the NCUA's Administrative Law Judges are unconstitutional; (2) that the NCUA's proceedings violate his Seventh Amendment right to a jury; (3) that the NCUA's proceedings violate his Fifth Amendment right to due process; and (4) that the NCUA's proceedings violate the non-delegation doctrine. *Id.* ¶¶ 29–53.

The parties have agreed to stay the NCUA proceedings pending final judgment from this court. Dkt. 26 at 41. Both parties have since moved for summary judgment on all claims. Dkts. 27, 28. The NCUA has also moved to dismiss all claims based on "two jurisdictional defects": Moats's claims are expressly precluded by 12 U.S.C. § 1786(k), and Moats's claim are not yet ripe. Dkt. 28 at 14.

## II. Legal Standards

A court should grant a motion to dismiss for lack of subject-matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proof. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. U.S. Const. art. III, § 2, cl. 1; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "The many doctrines that have fleshed out that 'actual controversy' requirement—standing, mootness, ripeness, political question, and the like—are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 541–42 (5th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

## III. Analysis

The NCUA asserts that Congress has expressly precluded district court jurisdiction over all claims, including constitutional ones, that may affect a NCUA proceeding. Dkt. 28 at 15. The court agrees.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is Congress that "decides what cases the federal courts have jurisdiction to consider," including "when, and under what conditions, federal courts can hear them." *Bank of Louisiana v. FDIC*, 919 F.3d 916, 922 (5th Cir. 2019) (quoting *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007)). While courts generally have jurisdiction over all civil cases arising under federal law, 28 U.S.C. §§ 1331, 2201, Congress may "leapfrog[] district courts by channeling claims through administrative review and directly to federal appellate courts." *Bank of Louisiana*, 919 F.3d at 922. "Congress may preclude district court jurisdiction either explicitly or implicitly." *Id.* at 923; *see also Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 185 (2023) (Congress may provide for an alternative scheme of review "explicitly, providing in so many words that district court jurisdiction will yield. But Congress also may do so implicitly.").

To discern explicit preclusion, courts examine whether "the text . . . expressly limit[s] the jurisdiction that other statutes confer on district courts." *Bank of Louisiana*, 919 F.3d at 923 (citation omitted) (alterations in original). The Federal Credit Union Act, at issue here, provides that "no court shall have jurisdiction to affect by injunction or otherwise the issuance or

enforcement of any notice or order under this section or section 1790d of this title or to review, modify, suspend, terminate, or set aside any such notice or order." 12 U.S.C. § 1786(k)(1). The inquiry before the court is whether this language explicitly precludes Moats's constitutional claims.

To begin, the NCUA argues that the Fifth Circuit has already resolved any ambiguity in this inquiry in a pair of recent decisions. Dkt. 28 at 7–9. First, in *Bank of Louisiana*, the Fifth Circuit analyzed the preclusive effect of a nearly identical statute, 12 U.S.C. § 1818(i)(1).[1] 919 F.3d at 922. The court noted that while there was "some authority" for the proposition that § 1818(i) *explicitly* limited jurisdiction of the federal courts, it ultimately held that "we need not resolve that issue because of our holding that the statutory scheme withdraws district jurisdiction *implicitly*." *Id.* at 924 n. 10 (emphasis added). Two years later, an en banc panel clarified that the *Bank of Louisiana* court actually "held that district court jurisdiction was *explicitly* divested." *Cochran v. SEC*, 20 F.4th 194, 204 (5th Cir. 2021) (en banc), *aff'd*, 598 U.S.

---

[1] *Compare* 12 U.S.C. § 1818(i)(1)("no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order") *with* § 1786(k)(1)("no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section or section 1790d of this title or to review, modify, suspend, terminate, or set aside any such notice or order").

175 (2023) (emphasis original). The court further clarified: "Although we proceeded to analyze the *Thunder Basin* factors, we did so merely to 'reinforce' our conclusion based on the explicit jurisdictional bar." *Id.*

The NCUA argues that *Cochran* forecloses any ambiguity and "should be the end of the matter." Dkt. 28 at 17. If the Fifth Circuit in *Cochran* held § 1818(i) to be an explicit statutory bar to review, the argument continues, the same must hold true for identical language here. *Id.* But, as our sister court in the Northern District has noted, any preclusion analysis of § 1818 was not necessary to the decision in *Cochran*. *Burgess v. FDIC*, 639 F. Supp. 3d 732, 741 (N.D. Tex. 2022). *Cochran* involved a challenge to 15 U.S.C. § 78y which governs SEC proceedings and contains language wholly distinguishable from the statute at issue here. *See Cochran*, 20 F.4th at 204. And the *Cochran* court explicitly noted that *Bank of Louisiana* "does not mandate the outcome here." *Id.* Therefore, while the court's discussion of explicit preclusion in *Cochran* is persuasive, this court is not bound by such obiter dicta, and will continue with the explicit-bar analysis. *See Knight v. Kirby Offshore Marine Pac., L.L.C.*, 983 F.3d 172, 177 (5th Cir. 2020) (noting that dicta is "not binding precedent"); s*ee also Burgess*, 639 F. Supp. 3d at 741 (declining to follow *Cochran*'s dicta as to explicit preclusion).

The court's explicit-bar analysis starts with the text. The Federal Credit Union Act provides that "no court shall have jurisdiction to affect . . . the issuance or enforcement of any notice or order under this section." 12 U.S.C. § 1786(k)(1). In simplest terms, the question therefore becomes whether exercising jurisdiction in this matter would "affect . . . the issuance or enforcement of *any* notice or order." The answer must be yes.

The NCUA has already issued a Notice of Charges against Moats. Dkt. 26 at 37. And the Notice orders Moats to appear at an evidentiary hearing. *Id.* Moats seeks a declaration that the NCUA "lacks the authority both to convene a hearing on the charges asserted by the NCUA, or to order Mr. Moats to participate in any such hearing in any way." *Id.* ¶ 36; *see also id.* ¶¶ 42–47 (seeking injunction halting enforcement proceeding). In short, Moats seeks to halt the pending enforcement proceedings in its tracks. There can be little doubt that the relief Moats seeks will "affect" the enforcement of the Notice of Charges. *See Ponte v. FDIC*, 673 F. Supp. 3d 145, 150 (D.R.I. 2023) (*Ponte I*) (holding the court's jurisdiction was precluded by § 1818(i) because a finding for plaintiff would result in dismissal of the Notice of Charges, and therefore clearly "affect" the enforcement proceedings); *Bonan v. FDIC*, 2023 WL 156852, at *4 (E.D. Mo. Jan. 11, 2023) (holding the court lacked

jurisdiction to entertain a "structural constitutional claim" as it would affect pending enforcement proceedings).[2]

Even if § 1786(k) precludes some claims, Moats contends that a higher bar is required for preclusion of constitutional claims. *See* Dkt. 29 at 29. Indeed, the Supreme Court held in *Webster v. Doe* "that where Congress intends to preclude judicial review of constitutional claims, its intent to do so must be clear." 486 U.S. 592, 603 (1988) (citation omitted). But the Court later clarified, in *Elgin v. Department of Treasury*, that *Webster*'s "heightened standard" does not necessarily apply to all preclusion analyses. 567 U.S. 1, 9 (2012). Rather, *Webster*'s "heightened standard" has a "necessary predicate"—it applies only when a statute "purports to 'deny any judicial forum for a colorable constitutional claim.'" *Id.* (quoting *Webster*, 486 U.S. at 603). In contrast, *Webster*'s heightened standard is inapplicable where a plaintiff's claims may be "meaningfully addressed in the Court of Appeals." *Id.* (quoting *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994)); *see also Krafsur v. Davenport*, 736 F.3d 1032, 1037 (6th Cir. 2013)

---

[2] The court notes both *Ponte I* and *Bonan* analyzed a statute not at issue here, 12 U.S.C. § 1818, but which nevertheless is nearly identical to the law at issue here. *See* n. 1, *supra*. The parties do not cite, nor has the court found, any case that provides a preclusion analysis of 12 U.S.C. § 1786(k). Cases analyzing a nearly identical statute, while perhaps not binding, are certainly instructive.

(noting that "[e]ach precedent in the *Doe* series involved a *total* denial of judicial review for constitutional claims").

The Federal Credit Union Act permits Moats to reassert his constitutional claims to the court of appeals at the conclusion of his administrative proceedings. 12 U.S.C. § 1786(j)(2). As he is afforded later judicial review, *Webster*'s heightened standard does not apply. *Elgin*, 567 U.S. at 9.

The court therefore agrees with the NCUA that the markedly expansive language of § 1786(k) alone is sufficient to establish the required intent to preclude constitutional claims. Simply put, "any" means "any". No rule of interpretation, including *Webster*, requires Congress to explicitly "call out every conceivable source of jurisdiction or category of claim to accomplish its objective." Dkt. 28 at 18.[3]

In sum, the court finds 12 U.S.C. § 1786(k) is an explicit bar to all of Moats's claims, constitutional or otherwise. As an adjudication in this court of his claims would plainly "affect" the "enforcement of" the pending Notice

---

[3] Our sister court in the Northern District disagrees with this proposition. In *Burgess v. FDIC,* the court held that 12 U.S.C. § 1818(i), a nearly identical statute, did not preclude constitutional claims because Congress did not "specifically mention that the jurisdictional bar encompasses structural constitutional claims." 639 F. Supp. 3d at 742. But, in this court's humble opinion, nothing in either *Webster* or *Elgin* requires Congress to use such magic words.

of Charges, § 1786(k) explicitly precludes district court review. *Cf. Ponte*, 2023 WL 6441976, at *2 (D.R.I. Oct. 3, 2023) (*Ponte II*) (holding identical phrasing in 12 U.S.C. § 1818(i) precluded district court review of all claims, constitutional or otherwise); *Bonan*, 2023 WL 156852, at *4 (same). So this court lacks subject-matter jurisdiction and the case must be dismissed.

\* \* \*

For the reasons stated above, the court grants National Credit Union Administration Board's motion to dismiss. Dkt. 28. The court denies Moats's motion for summary judgment. Dkt. 27. All other motions are denied as moot. A final judgment will issue separately.

Signed on Galveston Island this 9th day of April, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE